# In the United States Court of Federal Claims

No. 06-786C

(Filed: May 30, 2007)

| | |
|---|---|
| **KNOWLEDGE CONNECTIONS, INC.** ) ) Plaintiff, ) ) v. ) ) **UNITED STATES,** ) ) Defendant, and ) ) **CATAPULT TECHNOLOGY, LTD.,** ) ) Intervening Defendant. ) | Request for attorneys' fees pursuant to the Equal Access to Justice Act; 28 U.S.C. § 2412(d); prevailing party status; remand not constituting final judgment; inappropriateness of an interim award of fees |

Bryant S. Banes, Neel, Hooper & Banes, PC, Houston, TX, for plaintiff.

Allison Kidd-Miller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Of counsel was Adele R. Vine, Acting Regional Counsel, General Services Administration, Kansas City, MO.

**OPINION AND ORDER**

LETTOW, Judge.

Pending before the court is a motion by plaintiff, Knowledge Connections, Inc. ("KCI"), for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), codified at 28 U.S.C. § 2412. In response to this motion ("Pl.'s Mot."), the government has filed a Motion for Summary Denial of Plaintiff's Motion for Attorney Fees Pursuant to EAJA or for Indefinite Suspension of Defendant's Obligation to Respond ("Def.'s Cross-Mot."). These competing motions turn on the results of an earlier decision in this bid-protest case, *Knowledge*

*Connections, Inc. v. United States*, 76 Fed. Cl. 6 (2007), remanding to the General Services Administration ("GSA") to consider whether the terms of a procurement known as the Veterans Technology Services Government-wide Acquisition Contract ("VETS GWAC") were consonant with 15 U.S.C. §§ 644(g)(1) and 657f, Executive Order 13360, and conditions placed by the Office of Management and Budget ("OMB") on its grant of an "executive agent" designation to GSA for the procurement. The cross-motions have been fully briefed and are ready for disposition.

**FACTS**

**A. Background**

The VETS GWAC was part of an effort to implement Executive Order 13360, by which Order the President sought to effectuate two federal statutes that (1) set a government-wide goal of not less than three percent for the participation in federal procurement contracts of small businesses owned and controlled by service-disabled veterans and (2) permit certain set-aside and restricted-competition procurements for service-disabled, veteran-owned businesses. *See* Exec. Order No. 13360, 69 Fed. Reg. 62,549, 62,549 (Oct. 20, 2004); *see also* 15 U.S.C. §§ 644(g)(1), 657f. Conceptually, by way of the VETS GWAC, GSA endeavored to select a pool of pre-qualified, service-disabled, veteran-owned small businesses that then would compete for information technology "task orders" from individual agencies across the federal government. *See Knowledge Connections*, 76 Fed. Cl. at 7.

During the prior proceedings in this court, KCI raised a number of objections to GSA's conduct of the procurement, but it first had to overcome the government's challenge to KCI's standing to protest awards to others on the basis that KCI allegedly had not properly extended its offer to GSA and thus was not an interested party. On March 28, 2007, this court issued a decision holding that KCI was an "interested party" pursuant to 28 U.S.C. § 1491(b)(1) with standing to bring the bid protest. The court then reached the merits, finding unavailing KCI's arguments that GSA artificially limited the number of awards to 43, but concluding that the solicitation's basis for evaluating technical merit was suspect because it strongly emphasized breadth of experience across numerous subjects rather than demonstrated competence in particular areas. *Knowledge Connections*, 76 Fed. Cl. at 16-20. Because the terms of the solicitation in this latter respect arguably were not consistent with Executive Order 13360 and the terms of OMB's executive agent designation, the court remanded this matter to GSA with instructions to reassess its criteria for evaluating technical merit, directing GSA to file its determinations on or before July 26, 2007. The court retained jurisdiction, staying proceedings in the interim. *Id.* at 22.

**B. KCI's EAJA Application**

In its motion for attorneys' fees under EAJA, KCI argues that it may recover attorneys' fees either because this court's remand in *Knowledge Connections* constitutes a final judgment

or, alternatively, because KCI is entitled to an interim award of fees.  Pl.'s Mot. at 3; Pl.'s Resp. at 2.  KCI contends that it was a prevailing party because "remands to administrative agencies may constitute the securing of relief on the merits necessary for recovery of EAJA fees."  Pl.'s Resp. at 1-2 (citations omitted).  KCI asserts that the portion of the court's decision holding that KCI properly extended its VETS GWAC offer and was an "interested party" was a decision on the merits in its favor, Pl.'s Mot. at 3, and that this aspect of the decision constituted a final judgment because the court did not retain jurisdiction in this respect or otherwise leave open this part of the decision.  Pl.'s Resp. at 2.

Alternatively, KCI asserts that even if there were no "final judgment," an interim award of attorneys' fees would be appropriate.  Pl.'s Resp. at 2.  KCI argues in support (1) that it prevailed on the merits of at least some of its claims, *id*. at 2 (citing *Buckhannon Bd. & Care Inc. v. West Va. Dep't of Health & Human Res.*, 532 U.S. 598, 607 (2001) and *Akers v. Nicholson*, 409 F.3d 1356, 1359 (Fed. Cir. 2005)), (2) that there was an enforceable judgment on the merits with respect to the "interested party" portion of the court's decision and in this respect the court set aside GSA's determination that plaintiff was not a proper offeror on the VETS GWAC, thereby changing the legal status of the parties in a manner favorable to plaintiff, and (3) that "this result was effected by a 'necessary judicial *imprimatur*' because this status was established via this Court's March 28, 2007 order."  Pl.'s Mot. at 3.

The government opposes KCI's request for fees, arguing that this court does not at this time possess authority to consider any application filed by KCI for fees under EAJA because no final judgment has been entered.  Def.'s Cross-Mot. at 1; Def.'s Reply at 1.  The government contends that this court's decision of March 28, 2007 is neither a final judgment nor the type of remand order that would allow KCI to seek an EAJA award at this time, because the court retained jurisdiction to consider GSA's conclusions on remand.  Def.'s Mot. at 2.  As the government would have it, only after the court has had an opportunity to assess GSA's remand determination will this matter be ripe for final judgment.  *Id.* at 2-3 (citing *Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1366 (Fed. Cir. 2003)).  The government also resists any award of interim fees, arguing that the remand order obtained by KCI provides "only the opportunity for further adjudication."  Def.'s Reply at 3 (citing *Akers*, 409 F.3d at 1359, and *Vaughn v. Principi*, 336 F.3d 1351, 1356 (Fed. Cir. 2003)).  In this vein, the government asserts that KCI's success on the standing issue does not "materially alter the legal relationship between the parties."  *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)).  Rather, the government argues that KCI's revendication is the type of "'technical victory' that is 'so insignificant . . . as to be insufficient to support prevailing party status.'"  *Id.* (quoting *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 792 (1989); and citing *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)).

## ANALYSIS

### A. Requirements for an Award of Attorney's Fees under EAJA

"The EAJA is a waiver of sovereign immunity which must be strictly construed." *Levernier Constr., Inc. v. United States*, 947 F.2d 497, 502 (Fed. Cir. 1991); *see also Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 721 (Fed. Cir. 1998). Courts do not have the discretion "to expand liability beyond that which was explicitly consented to by Congress" in order to "do equity." *Levernier*, 947 F.2d at 502 (citation omitted).

EAJA is a fee shifting statute that provides, in relevant part that:

> a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To recover attorneys' fees under EAJA, an applicant must: (1) have been a prevailing party in a proceeding against the United States, *id*., (2) if a corporation, have not had more than $7,000,000 in net worth and five hundred employees at the time the adversarial adjudication was initiated, *id.* at § 2412(d)(2)(B), (3) submit its application within thirty days of a final disposition in the adjudication, *id.* at § 2412(d)(1)(B), (4) in that application demonstrate that all eligibility requirements have been met, state the amount sought, and include an itemized statement of costs and attorneys' fees, *id*., and (5) allege that the position of the agency was not substantially justified. *Id.*; *see also* Pl.'s Mot. at 2.

KCI's application plainly satisfies elements (2), (4), and (5). At issue are whether KCI has satisfied or can satisfy the first requirement regarding prevailing party status as well as the third requirement that any award of fees and other expenses is ordinarily contingent upon a final disposition in the adjudication.[1]

---

[1] In *Buckhannon*, the Supreme Court ruled that a party was "prevailing" when the proceedings before a court produce a "judicially sanctioned change in the legal relationship of the parties." 532 U.S. at 605. In so ruling, the Court rejected the "catalyst theory" by which a plaintiff was considered "a 'prevailing party' if it achieve[d] the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id*. at 601. *Buckhannon* addressed provisions of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3613(c)(2), and the Americans with Disabilities Act, 42 U.S.C. § 12205, but the Federal Circuit has held that the Supreme Court's interpretation of the term "prevailing party" in those acts is directly applicable to cases involving EAJA. *See Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371,

## B. Remand as a Final Judgment on the Merits

The EAJA requires a party seeking an award of fees to submit its application "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B); *Melkonyan v. Sullivan*, 501 U.S. 89, 94-95 (1991). "Final judgment" is defined in EAJA as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G); *Melkonyan*, 501 U.S. at 95.[2]

As a general matter, remand orders do not constitute relief on the merits for purposes of fee-shifting statutes. *See Sullivan v. Hudson*, 490 U.S. 877, 886 (1989); *Hanrahan v. Hampton*, 446 U.S. 754, 758-59 (1980) (analyzing interim award of attorneys' fees under a comparable fee shifting statute, 42 U.S.C. § 1988); *Former Employees*, 336 F.3d at 1364. In *Sullivan*, the Supreme Court held that a claimant who has obtained an order or remand normally will not attain "prevailing party" status within the meaning of 28 U.S.C. § 2412(d)(1)(A) until after the result of the administrative proceedings becomes known. *See Sullivan*, 490 U.S. at 886; *see also Hanrahan*, 446 U.S. at 758-59 (same respecting 42 U.S.C. § 1988). Moreover, a claimant is not a prevailing party within the meaning of EAJA "merely because a court had remanded the action to the agency for further proceedings." *Sullivan*, 490 U.S. at 887; *see also Hewitt*, 482 U.S. at 761 (holding that a prevailing party must receive some relief on the merits that alters the legal relationship of the parties).

In *Former Employees,* 336 F.3d at 1364, the Federal Circuit considered whether a remand order to an administrative agency constituted sufficient relief on the merits to deem the party a prevailing party. The court of appeals held that "parties who secure a consent order remanding a proceeding to an administrative agency because of an alleged error on the merits (where the court also retains jurisdiction) are 'prevailing parties' under the EAJA *if they succeed on the merits in the remand proceeding.*" *Id.* at 1361 (emphasis added); *see also Rice Servs., Ltd., v. United States*, 405 F.3d 1017, 1025 (Fed. Cir. 2005) ("When there is a remand to the agency which remand grants relief on the merits sought by the plaintiff, and the trial court does not retain jurisdiction, the securing of the remand order is itself success on the merits. When there is such a remand, and the trial court retains jurisdiction, the claimant is a prevailing party *only* if it succeeds before the agency.") (emphasis added). This is because a "remand[], similar to a ruling that

---

1378 (Fed. Cir. 2002). For a more extended discussion of this requirement and the effect of the ruling in *Buckhannon*, see *Ryan v. United States*, 75 Fed. Cl. 769, 772-78 (2007).

[2]Ordinarily, a decision becomes final, and the 30-day clock begins to run, for purposes of EAJA when a judgment "terminates the civil action for which EAJA fees may be received . . . [and] the time to appeal that [judgment] has expired." *Melkonyan*, 501 U.S. at 96. When a court enters a judgment remanding a cause to an agency and does not retain jurisdiction, the time period begins with the remand order, once it ceases to be appealable. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). When a trial court remands a cause but retains jurisdiction, the clock begins to run when the trial court has entered its final disposition of the cause after remand and that disposition is no longer appealable. *Id*. at 299.

reverses a dismissal for failure to state a claim, provide[s] only the opportunity for further adjudication." *Vaughn*, 336 F.3d at 1356 (holding that a remand to an administrative agency to consider the effects of legislation enacted while the case was on appeal does not constitute securing relief on the merits and that a remand for consideration of new evidence discovered for the first time while the case was on appeal is not relief on the merits).

In this instance, as the government points out, the remand ordered by this court is not one of the types of remands that constitutes a favorable final disposition of the merits, as described in *Melkonyan*, 501 U.S. at 97-102, and *Former Employees*, 336 F.3d at 1364. Although the remand ordered by this court could produce the result that KCI would be "successful in the remand proceedings," *Former Employees*, 336 F.3d at 1366, that is not an ineluctable outcome of the remand proceedings. On the one hand, the court did not actually find an error in GSA's evaluation process during the procurement. Rather, it concluded that the solicitation itself might have been flawed in its methodology for evaluating technical merit. *Knowledge Connections*, 76 Fed. Cl. at 22. The existing record provided a reasonably strong, but not determinative, basis for concluding that the solicitation was improperly framed to serve its intended purpose. *See* Def.'s Reply at 2-3. On the other hand, the court did not, as the government asserts, merely order GSA to fill a gap in the administrative record. In these circumstances, there is yet no final resolution of the key question whether the solicitation was defective in a manner that operated to KCI's detriment. Consequently, only after the court has had an opportunity to assess GSA's determination on remand, will this matter be ripe for final judgment and only then will the filing of an EAJA application be appropriate.

Furthermore, contrary to KCI's claim, the portion of the court's decision holding that KCI was an "interested party" was not by itself a final disposition on the merits in KCI's favor. That ruling enabled KCI to pursue its contentions on the merits but did not itself implicate a decision on the merits.

In sum, the court finds that there is no extant final judgment in KCI's favor that would support a claim for EAJA fees.

### C. An Interim EAJA Award

The question remains whether KCI is entitled to an award of interim fees. The Supreme Court has opined "that Congress contemplated the award of fees *pendente lite* in some cases," *Hanrahan*, 446 U.S. at 757 (construing 42 U.S.C. § 1988), particularly "'where a party has prevailed on an important matter in the course of litigation, even when he ultimately does not prevail on *all* issues.'" *Id*. (quoting S. Rep. No. 94-1011, at 5 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5908, 5912 (emphasis by the Supreme Court)). Thus, as the law has evolved, such fees may be awarded by the court on an interlocutory basis, provided that the plaintiff has "obtained a court-ordered consent decree based on a settlement, an enforceable judgment on the merits, or an award of even 'nominal damages.'" *Akers*, 409 F.3d at 1359; *see also Buckhannon*, 532 U.S. at 603-04. In short, here also, "[f]or a party to be considered prevailing under the EAJA,

it must meet a three-part test under *Buckhannon*: (1) [a] prevailing plaintiff must accomplish at least some of 'what the plaintiff sought to achieve by the lawsuit,' (2) the proceedings must involve an 'alteration in the legal relationship of the parties,' and (3) these results must be effected by a 'necessary judicial *imprimatur* on the change.'" *Ryan*, 75 Fed. Cl. at 772 (quoting *Buckhannon*, 532 U.S. at 605).

As a general rule, a claimant is not considered a prevailing party if he or she is awarded a "technical victory." *See Farrar*, 506 U.S. at 113; *see also Texas State Teachers Ass'n*, 489 U.S. at 792; *Hewitt*, 482 U.S. at 760 (interlocutory ruling that complaint should not have been dismissed for failure to state a claim is insufficient for "prevailing party" status). In *Texas State Teachers Ass'n*, the Court held that if the only success that the teachers' union had obtained was that there was "no evidence that the plaintiffs were ever refused permission to use school premises during non-school hours," then this type of "technical victory" is "so insignificant . . . as to be insufficient to support prevailing party status." 489 U.S. at 792. Moreover, in *Hanrahan* the Supreme Court held that claimants who had established that they were entitled to a trial of their cause or had prevailed on procedural or evidentiary rulings nonetheless had not obtained sufficient relief to support an award of fees under EAJA because those preliminary aspects of a case were not themselves "matters on which a party could 'prevail' for purposes of shifting his counsel fees to the opposing party." 446 U.S. at 759.

In short, KCI's success on the standing issue is the type of "technical victory" that is insufficient to support prevailing-party status under EAJA. *See Farrar*, 506 U.S. at 113; *Texas State Teachers Ass'n*, 489 U.S. at 792; *Hewitt*, 482 U.S. at 760; *Hanrahan*, 446 U.S. at 759. Consequently, KCI's alternative request for an award of interim fees must also be denied.

## CONCLUSION

For the reasons set forth, KCI's motion for attorneys' fees pursuant to the EAJA is DENIED without prejudice. KCI may renew its EAJA application once GSA files its determination on remand with the court and the court rules upon that determination. The government's motion for summary denial of KCI's motion for attorneys' fees is GRANTED.

It is so ORDERED.

                                                s/ Charles F. Lettow
                                                Judge